**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL UNIONS NO. 9, 9–A and 9–B, INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant.**

Civ. A. No. 8325.

United States District Court
D. Colorado.

March 4, 1965.

Lawrence M. Henry, U. S. Atty. for District of Colorado, by David I. Shedroff, Asst. U. S. Atty., and Henry C. Mahlman, Attorney for United States Department of Labor, Denver, Colo., for plaintiff.

Williams, Erickson & Brown, Wayne D. Williams and Howard E. Erickson, Denver, Colo., and Theodore J. St. Antoine, of Woll, Mayer, & St. Antoine, Washington, D. C., for defendant.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW PURSUANT TO
RULE 52, F.R.Civ.P.

DOYLE, District Judge.

This is an action brought by plaintiff under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, (73 Stat. 519 et seq., 29 U.S.C. § 401 et seq., (1958 ed. Supp. IV)), hereinafter referred to as the Act, to set aside an election of officers. Upon the uncontroverted facts established at the Pre-Trial Conference, the stipulations submitted by the parties, and the testimony and evidence adduced at a trial to the Court on November 24 and 25, 1964, and being

duly advised in the premises, the Court makes the following:

### Findings of Fact

1. This civil action seeks to set aside an election of officers held by defendant, a labor organization engaged in an industry affecting commerce, on June 12, 1963, at Denver, Colorado. This election was conducted subject to the constitution of the International Union of Operating Engineers and defendant's bylaws.

2. An internal protest regarding this election was filed with the International Union of Operating Engineers on July 8, 1963, by Vern L. Taylor, Sr., who was at that time a member in good standing of defendant labor organization. Mr. Taylor received a final decision from the said International Union denying his protest on September 24, 1963.

3. On October 2, 1963, Mr. Taylor filed a written complaint with the Secretary of Labor, challenging the conduct of this election. The complaint of Mr. Taylor alleged that he had been ruled ineligible under defendant's constitution and bylaws, to be a candidate for the office of Financial Secretary which he sought in the challenged election, and that he had been wrongfully excluded from candidacy for that office.

4. Mr. Taylor was declared ineligible under a provision of the International constitution requiring that a candidate for office shall have paid his quarterly dues in advance, on or before the first day of each quarter, during the entire year preceding the election.

5. The aforesaid requirement, making a man ineligible to run for office if he paid his dues even one day late on one occasion, is a surprising one, and one that is not designed to accomplish the purpose of limiting the officer group to persons who are intensely interested in the activities of the union.

6. A substantial number of the members of defendant labor organization are engaged in construction work and are subject to seasonal fluctuations in employment; many of these people are out of work during the winter months preceding the election.

7. The requirement that a union member pay his dues on or before the first day of each quarter, without any grace period, works a hardship on persons who are out of work.

8. Under the aforesaid requirement, approximately 87% of the members of defendant organization were ineligible to be candidates for office in the challenged election.

9. During the year preceding the election, Mr. Taylor had in fact made all payments of his dues to defendant labor organization during and before the end of each quarter, thereby fulfilling all current dues payment requirements. At all times during said year, Mr. Taylor was a member in good standing of defendant labor organization for purposes of employment referral and representation, voice and vote in its affairs, and rights to insurance benefits under its death benefits plan.

10. Acting upon Mr. Taylor's complaint, the Secretary of Labor caused an investigation to be made of the challenged election, and as a result thereof found probable cause to believe that violations of Title IV of the Act (29 U.S.C. § 481 et seq.) had occurred in the conduct of the challenged election.

11. Notice of this election and ballots to be voted therein were mailed by third-class mail to all of defendant's members, with the exception of 141 members whose mail had previously been returned to defendant by reason of incorrect home address. There was no evidence that the mailing of such notice and ballots to the aforesaid 141 members would have had any effect.

On the basis of these findings, the Court has reached the following:

### Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. The scope of the relief the Secretary of Labor can secure by this

action under Section 402(b) of the Act (29 U.S.C. § 482(b)) is limited to the specific matters complained about in the complaint filed by defendant's member Vern L. Taylor, Sr., in accordance with Section 402(a) of the Act (29 U.S.C. § 482(a)).

■ 3. The complaint filed with the Secretary of Labor with respect to the challenged election, on the basis of which this suit was brought, was directed only to the office of Financial Secretary. The jurisdiction of this Court to grant any relief under Section 402(c) of the Act (29 U.S.C. § 482(c)) with respect to this election is therefore limited to the one office sought by Mr. Taylor.

■ 4. Assuming, without deciding, that the propriety of defendant's method of mailing out election notices and ballots is properly before the Court, it does not appear that there was any substantial violation of the Act in this respect. The Act does not require notices to be sent by first-class or certified mail; third-class mail is sufficient.

■ 5. The only matter properly before the Court is the question whether the requirement that a candidate for office shall have paid his quarterly dues prior to their due date on each and every occasion during the year preceding the election is a "reasonable qualification," within the meaning of Section 401(e) of the Act, upon the right to be a candidate and to hold office in defendant labor organization. Upon a study of the letter of the law, the spirit of the law, and the terms and effect of the requirement itself, I conclude that this requirement is unreasonable, for the following reasons:

■ (a) The Act contemplates that every member who is in good standing shall be eligible to participate fully in his union.

(b) When a man is in good standing in terms of membership, it is surprising to him to learn that he may not run for office if he paid his dues even one day late on one occasion; if he has no actual knowledge of such requirement, it can operate as a trap.

■ (c) The requirement is not designed to accomplish the purpose of limiting the officer group to persons who are intensely interested in the activities of the union.

(d) Since the operation of the rule has the effect of excluding the vast majority of the membership from eligibility for office, it violates the spirit of Section 401(e).

(e) While a requirement that a member be finally paid up, or that he keep his dues paid on a regular basis, would be perfectly reasonable, provided that he has some grace period, defendant's requirement is so strict as to be arbitrary and unreasonable.

(f) The requirement also works a hardship on persons who are out of work, as many of defendant's members are during the winter months.

6. The disqualification of Vern L. Taylor, Sr., as a candidate for the office of Financial Secretary in the challenged election was a violation of Section 401(e) of the Act (29 U.S.C. § 481(e)), and his exclusion as a candidate may have affected the outcome of the election for that office within the meaning of Section 402(c) (2) of the Act (29 U.S.C. § 482(c) (2)).

It is thereupon ORDERED AND ADJUDGED that the June 1963 election for the office of Financial Secretary of Local Union 9 was improperly held and must be re-run, with all candidates who desire to do so, including Vern L. Taylor, Sr., appearing on the ballot. Said election to be held at the expense of the defendant Local Union and under the supervision of the Secretary of Labor in accordance with the provisions of 29 C.F.R., Chapter IV, Part 416, and to the extent possible in accordance with the International constitution and Local bylaws.

It is further ordered and adjudged that the other relief requested in the complaint is hereby denied.